Filed 5/6/14  P. v. Thomas CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>QUINCY NATHANIEL THOMAS,<br><br>Defendant and Appellant. | B251911<br><br>(Los Angeles County<br>Super. Ct. No. MA060133) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas R. White, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Quincy Nathaniel Thomas was charged by felony complaint with infliction of corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a))[1] and dissuading a witness from testifying (§ 136.1, subd. (a)(1)). Thomas waived his right to a preliminary hearing and agreed to plead no contest to the charge of dissuading a witness from testifying. As part of the negotiated agreement Thomas was to be placed on three years of formal probation on condition he pay $500 to the domestic violence fund and attend a 52-week domestic violence counseling program.

At the time he entered his plea, Thomas was advised of his constitutional rights and the nature and consequences of his plea, both orally and in writing. Thomas stated he understood and waived his constitutional rights, acknowledged he understood the consequences of his plea and accepted the terms of the negotiated agreement. At sentencing, the trial court suspended imposition of sentence and placed Thomas on three years of formal probation, on condition he serve 56 days in county jail, with credit for time served, pay $500 to the domestic violence fund and attend a 52-week domestic violence counseling program pursuant to the terms of the plea agreement. The remaining count was dismissed on the People's motion.

Thomas filed a timely notice of appeal. Without comment, the trial court granted Thomas's request for a certificate of probable cause, in which he asserted he did not understand the probation conditions that he pay $500 to the domestic violence fund and attend a 52-week domestic violence counseling program and that he was "railroaded" into pleading guilty to a crime he did not commit.

We appointed counsel to represent Thomas on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On January 10, 2014, we advised Thomas he had 30 days in which to personally submit any contentions or issues he wished us to consider. We have received no response to date.

We have examined the record and are satisfied Thomas's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v.*

[1] Statutory references are to the Penal Code.

2

*Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.) The record fails to support Thomas's claim that he did not know or understand the probation conditions concerning his attendance in the domestic violence counseling program and fee payment to the domestic violence fund. The record also fails to support Thomas's assertion that his plea was not knowing, voluntary and intelligent.

The judgment is affirmed.


**WOODS, J.**


**We concur:**



**PERLUSS, P. J.**



**ZELON, J.**